IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS HENDRICKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>OCTAGON INC,<br><br>    Defendant.<br>_____<br>CLIFFORD LABOY, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>OCTAGON INC,<br><br>    Defendant.                   / | No.   C 14-01416 CRB<br>        C 14-01417 CRB<br><br>**ORDER RE MOTION TO TRANSFER VENUE, MOTION TO DISMISS IN PART** |

      This Order concerns two cases, <u>Hendrickson v. Octagon, Inc.</u> and <u>LaBoy v. Octagon, Inc.</u>.[1] The cases involve the same defendant, the same issues, the same arguments, and the same counsel. Plaintiffs Hendrickson and LaBoy, both sports agents, are former employees of Defendant Octagon, an international sports, entertainment and marketing agency.

      Octagon moves to transfer venue to the Eastern District of Virginia as per a Forum Selection Clause ("FSC"). The Court DENIES the Motion to Transfer because the FSC is ambiguous, and may be interpreted as permissive.

      Octagon also moves to dismiss Plaintiffs' demand for declaratory relief regarding two of three non-compete provisions at issue here. Octagon has filed a Covenant Not to Sue under those two provisions. The Court GRANTS the Motion to Dismiss because Plaintiffs' claims are moot in light of Octagon's representation that it will not sue.

---

[1] Unless otherwise noted, all citations correspond with <u>Hendrickson v. Octagon, Inc.</u>

## I. BACKGROUND

Octagon is a Washington, D.C. corporation with headquarters in Virginia. Hasse Decl. (dkt. 18) ¶ 2. Plaintiffs Hendrickson and LaBoy, both California residents, are professional sports agents and former employees of Octagon's California-based NFL Football Division. LaBoy Decl. (dkt. 22) ¶ 5 LaBoy v. Octagon, Inc., Hendrickson Decl. (dkt. 23) ¶¶ 2, 5, 7, 8. Plaintiffs' duties included player contract negotiations and Plaintiffs were certified as Contract Advisors as per National Football League Players Association requirements. Id. ¶¶ 8, 9. Octagon required Plaintiffs to sign post-employment agreements ("Agreement"). Emp't Agreement (dkt. 18-2). The Agreements contain five relevant clauses: three non-compete provisions, one fee-tail provision, and an FSC. Id. ¶¶ 5, 6, 17.

Plaintiffs filed complaints in the California Superior Court for the County of San Francisco on February 21, 2014. Notice of Removal (dkt. 1). Plaintiffs allege that the non-compete provisions in Octagon's Employee Agreement violate the California Business and Profession Code and that the fee-tail provisions in the Agreement violate the California Labor Code. Complaint (dkt. 1) ¶¶ 16, 17, 26. Octagon removed the action to this district under 28 U.S.C. § 1332, 1441(b). Id. Now before the Court is Octagon's Amended Motion to Transfer, to Dismiss In Part (dkt. 17).

## II. LEGAL STANDARD

### A. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts enjoy broad discretion in considering motions to transfer venue and are to adjudicate motions for transfer according to "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964); see Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). "[T]he purpose of [section 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen, 376 U.S. at 616 (citation omitted).

2

**United States District Court**
For the Northern District of California

### B. Motion to Dismiss For Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See Chen–Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir.1992). The court may look beyond the complaint to evaluate subject matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) citing Gemtel Corp. v. Cmty. Redevelopment Agency, 23 F.3d 1542, 1544 (9th Cir. 1994). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. Though the defendant makes the motion, the plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

## III. DISCUSSION

### A. Motion to Transfer Venue

The issue before the Court is whether Octagon's FSC requires transfer to the Eastern District of Virginia. FSCs are presumed enforceable, unless (1) the FSC is unconscionable; (2) enforcement "contravene[s] a strong public policy of the forum in which the suit is brought;" or (3) appearing in the selected forum would be so "gravely difficult and inconvenient" that enforcement will effectively deprive the complaining party of his day in court. Argueta v. Banco Mexicano, 87 F.3d 320, 325 (9th Cir. 1996) quoting Bremen, 407 U.S. at 18, and citing Carnival Cruise Lines v. Shute, 499 U.S. 585, 591 (1991). An FSC is mandatory if it limits venue exclusively to the selected forum. Docksider Ltd. v. Sea Tech, Ltd., 875 F.2d 762,764 (9th Cir. 1989) ("[W]here venue is specified with mandatory language, the clause will be enforced"). As with all contracts, any ambiguity is to be construed against the drafter. InterPetrol Berm. Ltd., v. Kaiser Aluminum Intern. Corp. 719 F.2d, 992, 998 (9th Cir. 1983). Here, the FSC does not use specific, determinative language

1 limiting venue exclusively to the Eastern District of Virginia.  Additionally, there is a
2 separate provision in the same document that permits Octagon to file for injunctive relief in
3 any forum.  The FSC is ambiguous as to whether it is permissive or mandatory.  The
4 ambiguity is interpreted against the drafter, Octagon.  Therefore, filing in this district is
5 proper, and the Court DENIES the Motion to Transfer Venue.

Because the Court finds that the FSC is ambiguous, the Court need not reach litigants' other arguments regarding the Motion to Transfer.  "Under Ninth Circuit law, the court is not empowered to interpret an ambiguous forum selection clause, it must reject it to the extent it does not "clearly designate" a particular forum as the exclusive venue."  N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). Other arguments raised in these pleadings depend on the FSC's validity.  These arguments include convenience factors, whether the FSC limits venue to Virginia state court, in which case transfer would be procedurally improper, and whether enforcement of the FSC would violate strong California public policy, in which case the FSC would be unenforceable as a matter of law.  Because the Court finds that the FSC is permissive, venue in this district is proper and the Court need not consider convenience, the procedure of the transfer, or the legality of enforcing the FSC.

Courts differ as to what language "clearly designate[s]" an exclusive venue.  The language must show that the selected forum is the only forum in which the action may be brought.  N. Cal. Dist. Council of Laborers, 69 F.3d at 1037 ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one").  The word "shall" is a mandatory term, but it does not indicate exclusivity.  Hunt Wesson Foods, 817 F.2d 75, 78 (9th Cir. 1987).  An FSC must use mandatory language like "shall" or "will" in conjunction with language indicating exclusivity to be considered mandatory.  Docksider, 875 F.2d at 764.  A mandatory FSC also must select a specific venue.  Merrell v. Renier, 2006 WL 1587414 at *3 (W.D. Wash. June 6, 2006).  Therefore, to be mandatory an FSC must be extremely deliberate in selecting a specific and exclusive venue and in indicating that all action must be brought solely in that venue, and no other.

4

Octagon's FSC uses some mandatory language, but is ambiguous as to an exclusive venue. The FSC in the Hendrickson Agreement reads: "The location for any dispute shall be Fairfax County, Virginia." The clause does not use the terms "venue," "lawsuit," "legal," "court," or any other determinative terms. The FSC in the LaBoy Agreement differs only in that it substitutes the term "dispute" with the term "legal proceedings," and it is titled "Governing Law/Venue," which is more specific but does nothing to clarify exclusivity of venue. Neither version selects a court, or specifies state or federal jurisdiction. Fairfax County falls under the jurisdiction of the Alexandria Division of the Eastern District of Virginia. The federal courthouse serving that division is in the city of Alexandria. The courthouse is not within the borders of Fairfax County. There is no federal courthouse in Fairfax County, and thus this case could neither be brought nor transferred there. This fact alone is indicative of ambiguity in the FSC. Octagon has merely named a county, with no additional guiding terms, effectively asking this Court to fill in the blanks and interpret the FSC to mean that whichever federal court has jurisdiction over the named county is the exclusive venue.[2] This Court is neither empowered to do so, N. Cal. Dist. Council of Laborers, 69 F.3d at 1037, nor is it inclined to do so. Octagon failed to write an unambiguous FSC, and thus that ambiguity is interpreted against it. The FSC is permissive and does not limit venue exclusively to Fairfax County, Virginia.

The FSC contradicts another provision in the same document, which allows Octagon to seek injunctive relief in any forum. Inconsistency in a contract indicates ambiguity. Ambiguity is construed against the drafter. InterPetrol Berm. 719 F.2d at 998. Paragraph 12 of the Agreement reads, "Notwithstanding anything to the contrary in this Agreement, [Octagon] shall be permitted to seek such injunctive relief in any court of law in any jurisdiction." The FSC does not acknowledge or address Paragraph 12. If Octagon may seek

---

[2] The mandatory FSC in Merrell also selected a county as the exclusive venue, but is distinguishable because it used the term "venue" in referring to the county, and specified the type of legal action (contract enforcement in the event of breach) that must be brought there. 2006 WL 1587414 at *1.

5

injunctive relief in any forum, the FSC is either permissive, or at the least it is ambiguous, and thus may be interpreted as permissive.[3]

The ambiguity of the FSC is dispositive as to the Motion to Transfer Venue. Where an FSC does not clearly indicate that a specific forum is the exclusive venue, the venue is not mandatory. Merrell, 2006 WL 1587414 at *3. Here, both the broad language of the FSC and the inconsistency between the FSC and Paragraph 12 preclude a finding that the Eastern District of Virginia is the exclusive venue for these suits. Although defense counsel argued persuasively at the motion hearing, the Court finds that because the FSC is ambiguous, it is not mandatory, venue in Virginia is not exclusive and the case is properly brought in this district. The Court DENIES Octagon's Motion to Transfer Venue.

### B.    Motion to Dismiss In Part

The claims that Octagon moves to dismiss are no longer in contention. There must be an "actual controversy" for a court to provide declaratory relief. Declaratory Judgment Act, 28 U.S.C. § 2201(a), see generally MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Concurrent with its reply to Plaintiffs' opposition, Octagon filed a Covenant Not to Sue under two of the three non-compete provisions in the Agreement, thereby removing those provisions from controversy. Thus, the Court GRANTS the Motion to Dismiss in Part.

**IT IS SO ORDERED.**

Dated: June 17, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] Octagon's opposition to this argument is erroneously based on a misconstrued quote from East Bay Women's Health v. gloStream, Inc. 2014 WL 1618382 (N.D. Cal. Apr. 21, 2014) (Alsup, J.). Octagon asserts that an FSC is "separate and distinct from [other] provisions not before this court." Id. citing Besag v. Custom Decorators, Inc. 2009 WL 330934 (N.D. Cal. Feb. 10, 2009) at 4 (brackets Octagon's). However, the unaltered quotation from Besag is, "separate and distinct from choice of law provisions not before this court." Besag at 4 (emphasis added). The court was referring to labor laws in the forum state that the plaintiff tried unsuccessfully to conflate with venue. Id. The courts in Besag, and in East Bay Women's Health were not distinguishing an FSC from an inconsistent provision in the same document, as Plaintiffs do here.