**United States District Court**
**For the Northern District of California**

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    DOUGLAS HENDRICKSON,                    No.    C 14-01416 CRB
                                                    C 14-01417 CRB
5              Plaintiff,
                                            **ORDER DENYING MOTIONS TO**
6        v.                                 **DISQUALIFY COUNSEL**

7    OCTAGON INC,

8              Defendant.
     _____

9    CLIFFORD LABOY, JR.,

10             Plaintiff,

11       v.

     OCTAGON INC,
12
               Defendant.
                                                    /
13   _____

14        Defendant has moved in both the cases at issue here to disqualify Plaintiffs' counsel

15   based on an asserted conflict of interest. See Motions to Disqualify (dkts. 67 and 74). The

16   Court concluded that these matters were suitable for resolution without oral argument. See

17   Orders Vacating Hearing (dkts. 85 and 91). For the following reasons, the Court DENIES

18   Defendant's motions to disqualify.

19        "Motions to disqualify counsel are strongly disfavored" because they "can be misused

20   to harass opposing counsel, to delay the litigation, or to intimidate an adversary into

21   accepting settlement on terms that would not otherwise be acceptable." Visa U.S.A., Inc. v.

22   First Data Corp., 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003); Gregori v. Bank of Am., 207

23   Cal. App. 3d 291, 301 (1989). For this reason, "disqualification motions should be subjected

24   to 'particularly strict judicial scrutiny.'" Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,

25   Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985).

26        As an initial matter, Defendant has not made a convincing showing that a conflict

27   exists here under relevant case law. The actions presently before the Court involve, in part,

28   certain fee sharing clauses in contracts entered into by Plaintiffs and Defendant. See

     Complaints (dkts. 1 and 1); Mot's. Defendant contends that Plaintiffs entered into similar

**United States District Court**
For the Northern District of California

1    contracts with their new sports agency, which is represented here by the same attorneys who

2    represent Plaintiffs.  <u>See</u> Mot's.  Thus, according to Defendant, Plaintiffs' counsel cannot

3    represent both Plaintiffs and their new agency because those parties' interests conflict.  <u>Id.</u>

4           This argument fails because Defendant admits that "no cause of action [here]

5    explicitly contests the enforceability of [the new agency's] fee tail provision."  <u>See</u> Replies

6    (dkts. 77 and 83).  Relevant case law thus indicates that Defendant impermissibly raises a

7    "hypothetical" conflict, <u>see</u> <u>Fox Searchlight Pictures, Inc. v. Paladino</u>, 89 Cal. App. 4th 294

8    (2001), or a "non-issue," <u>see</u> <u>Dowell v. Biosense Webster, Inc.</u>, 179 Cal. App. 4th 564

9    (2009).  Defendant also fails to explain how it has standing to bring the motions presently

10   before the Court.  <u>See</u> <u>In re Marriage of Murchison</u>, 245 Cal. App. 4th 847, 851–53 (2016).

11          Furthermore, even if the Court assumed a conflict did exist here, Plaintiffs' attorneys

12   have submitted sworn affidavits indicating that their clients have been fully informed of the

13   subject of these motions to disqualify and have "waived any [] conflicts" that the Court might

14   find to exist.  <u>See</u> Declarations (dkts. 82 and 88).  Defendant has not established that the

15   asserted conflict here is unwaivable, and thus Defendant's arguments would fail even if the

16   Court reached their merits.  <u>See</u> <u>U.S. v. Wheat</u>, 813 F.2d 1399 (9th Cir. 1987); <u>Visa U.S.A.,</u>

17   <u>Inc. v. First Data Corp.</u>, 241 F. Supp. 2d 1100 (N.D. Cal. 2003).

18          For the foregoing reasons, the Court DENIES Defendant's motions to disqualify

19   counsel.  <u>See</u> Motions to Disqualify (dkts. 67 and 74).

20          **IT IS SO ORDERED.**

21

22   Dated: July 12, 2016                                CHARLES  R. BREYER
                                                         UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

2